UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILHEMENIA SULLIVAN                                                          PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:11CV-313-S

ALDI, INC., et al.                                                        DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of defendants Aldi, Inc. (Ohio), Aldi I (IN) LLC, and Aldi, Inc. for summary judgment on all claims against them on the ground that none of these defendants owns, controls or operates the Aldi Store where plaintiff Wilhemenia Sullivan was allegedly injured.

Sullivan claims that she was injured on the premises of an Aldi Store in Louisville, Kentucky.  In an affidavit, Brian Ellison, an employee of Aldi Store #39, located at 4301 Bardstown Road, avers that on April 21, 2010 while working at Aldi Store #39, a female customer identifying herself as Wilhemenia Sullivan reported that she had been involved in an incident in which another customer had knocked a stack of boxes on top of her while she was shopping.  Ellison states that, in the course of his duties for Aldi Store #39, he filled out an incident report which he has attached to his affidavit.  There does not appear to be any question that the "incident" occurred at the Aldi Store #39, despite a lack of specificity in the complaint on that point.

The defendants have also submitted an affidavit of Laura Bauer, Vice President of Aldi, Inc., Greenwood Division, who avers that she has personal knowledge of the corporate ownership of each

Aldi store in Kentucky.  Bauer states that Aldi (Indiana) L.P. is the sole owner and operator of Aldi

Store #39.

 A party moving for summary judgment has the burden of showing that there are no genuine

issues of fact and that the movant is entitled to summary judgment as a matter of law.  *Adickes v.*

*S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*,

536 F.2d 1126, 1134 (6th Cir. 1976).  Not every factual dispute between the parties will prevent

summary judgment.  The disputed facts must be material.  They must be facts which, under the

substantive law governing the issue, might affect the outcome of the suit.  *Anderson v. Liberty*

*Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).  The dispute must also be genuine.  The facts must be

such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving

party.  *Id.* at 2510.  The disputed issue does not have to be resolved conclusively in favor of the non-

moving party, but that party is required to present some significant probative evidence which makes

it necessary to resolve the parties' differing versions of the dispute at trial.  *First National Bank of*

*Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968).  The evidence must be construed in a

light most favorable to the party opposing the motion.  *Bohn Aluminum & Brass Corp. v. Storm King*

*Corp.*, 303 F.2d 425 (6th Cir. 1962).  There must be more than "some metaphysical doubt as to the

material facts" in question.  The nonmovant must provide "concrete evidence supporting its claims

and establishing the existence of a genuine issue of fact."  *Cloverdale Equipment Company v. Simon*

*Aeriels, Inc.,* 869 F.2d 934, 937 (6th Cir. 1989).*citing Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct.

2548, 91 L.Ed.2d 265 (1986);  *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S.

574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Sullivan's response states that summary judgment is premature. She does not request that the motion be stayed pending discovery on the issue pursuant to Fed.R.Civ.P. 56(d)(2). Her tendered order does not request a period of limited discovery. She simply urges that discovery in the case ought to proceed, and that the summary judgment motion should be denied, pursuant to Fed.R.Civ.P. 56(d)(1). An affidavit of Sullivan's counsel states that he was unable to glean from the Aldi website or the website of the Kentucky Secretary of State who owns, operates, or controls the Aldi premises where Sullivan was allegedly injured, and that interrogatories, requests for admissions, requests for documents and depositions are necessary to determine who owns, operates, and controls the store in issue.

> In *Netto v. Amtrak*, 863 F.2d 1210 (5th Cir. 1989), the court stated that

> [A] plaintiff's entitlement to discovery before a ruling on a motion for summary judgment is not unlimited and may be cut off when the record shows that the requested discovery will not be likely to produce facts he needs to withstand a summary judgment motion. *Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1029-30 (5th Cir.1983). A district judge "may exercise his discretion to prevent the plaintiff from burdening the defendants with a needless round of discovery." *Id*. at 1030. The court pointed out: "[I]t is clear that a plaintiff cannot defeat a motion for summary judgment by merely restating the conclusory allegations contained in his complaint, and amplifying them only with speculation about what discovery might uncover." 694 F.2d at 1030 (quoting *Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97, 107 (2d Cir.1981).) *See also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193-94 (5th Cir.1986).

*Netto*, 863 F.2d at 1216; *accord, Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889 (6th Cir. 1991):

> Mindful of the burden on the nonmoving party to produce evidence showing the existence of a genuine issue of material fact, summary judgment should not be granted unless the nonmoving party has had the opportunity to discover information essential to opposition. *Routman v. Automatic Data Processing, Inc.*, 873 F.2d 970, 971 (6th Cir.1989); *Anderson,* 477 U.S. at 250 n. 5, 106 S.Ct. at 2511 n. 5; *see* Fed.R.Civ.P. 56(f). The need to allow adequate discovery is not without limits, however, and a trial court is given wide discretion in balancing the needs and rights

of both plaintiff and defendant. See *Ghandi v. Police Dep't. of Detroit*, 747 F.2d 338, 354 (6th Cir.1984), *cert. denied*, 484 U.S. 1042, 108 S.Ct. 774, 98 L.Ed.2d 861 (1988). In reviewing the District Court's decision to limit discovery, this Court will intervene only if it was an abuse of discretion resulting in substantial prejudice. *Id.*; *Emmons v. McLaughlin,* 874 F.2d 351, 356-57 (6th Cir.1989) (it is within the district court's discretion to grant additional time for discovery, and it is the nonmoving party's burden to demonstrate need for more time under Federal Rule of Civil Procedure 56(f)).[1]

*Elvis Presley Enterprises, Inc.,* 936 F.2d at 893.

Sullivan has not come forward with evidence to controvert the affidavits of Ellison or Bauer, or to call into question the incident report. Sullivan states that no discovery has been taken in the case, and therefore she does not know who owns, controls and operates the store in which she was allegedly injured. Sullivan contends that she needs discovery "in the form of interrogatories, requests for admissions, requests for document production and depositions" (Nefzger Aff., ¶ 7) to "flesh out" the ownership, maintenance, operation or control of the store.

The court finds no dispute of fact. Rather, there are facts before the court which the plaintiff neither affirms nor denies. Sullivan does not urge any ground to suggest that the sworn statement provided by the defendants that they do not own, operate, or control Aldi Store #39, is untrue. She does not point out irregularities in the incident report or question the affidavit establishing that the incident occurred at Aldi Store #39. Apparently Sullivan simply wishes to "discover" these matters for herself.

With no more than a request to test the affidavits, Sullivan's Fed.R.Civ.P. 56(d) invocation is insufficient to forestall summary judgment. As stated in *Dunning v. Quander*, 508 F.3d 8, 10 (D.C.Cir. 2007), "[w]ithout some reason to question the veracity of affiants, [plaintiff]'s desire to

---

[1]56(f) is now 56(d) under the revised version of the rule.

- 4 -

'test and elaborate' affiants' testimony falls short." (*quoting Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859 (D.C.Cir. 1989)).

Sullivan contends that the store where she was allegedly injured was negligently maintained. Compl., ¶ 10. The evidence of record is that the sole owner and operator of the premises is Aldi (Indiana) L.P. The defendants have submitted subscribed and sworn statements and an incident report establishing these facts. The owner/operator of Aldi Store #39 is already a defendant in the action. Sullivan may not rely on a generalized assertion of lack of information to defeat this well-supported motion for summary judgment. Therefore, the motion for summary judgement of Aldi, Inc. (Ohio), Aldi I (IN) LLC, and Aldi, Inc. will be granted by separate order.

**IT IS SO ORDERED.**

December 12, 2011

**Charles R. Simpson III, Judge**
**United States District Court**